```
UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF RHODE ISLAND
- - - - - - - - - - - - - - - - - -x
In re:                             :

LOUIS A. GENCARELLI, SR.           :    BK No. 04-10682
         Debtor                         Chapter 11
- - - - - - - - - - - - - - - - - -x
```

## ORDER GRANTING MOTION FOR MINIMUM DISTRIBUTION

Heard on January 12, 2007, on the motion of 1800 Smith Street Associates, LP and 1500 Mineral Spring Associates, LP (the "Creditors"), seeking a minimum distribution of funds in accordance with Judge Torres's Remand Order dated November 8, 2006, wherein he *inter alia*, directed the calculation of Claim Nos. 48 & 49 in accordance with 11 U.S.C. § 502(b)(6). At the conclusion of the hearing, and per Judge Torres's mandate, I granted the Creditor's motion and ordered the disbursement of $619,614 from the escrowed funds. After the Court's ruling, the Debtor made an oral motion to reconsider, so he could have a second[1] opportunity to present a written substantive objection to the Creditor's motion. Only because of the Creditor's consent, the Debtor's motion was granted

---

[1] The Debtor elected not to file a timely response to the Creditors' motion, on the inexplicable assumption that this Court would grant a stay of the District Court's remand order. It is risky business to ignore a filing deadline when you have a strong alternative argument. It is foolhardy, when the argument is as weak as the Debtor's. This Court, under no stretch, has the power to stay a District Court's order, and why the Debtor did not initially seek such relief from the District Court remains his business.

BK No. 04-10682

and he was allowed until January 19, 2007 to file a formal response.

The Debtor's allegedly meritorious response has provided the Court with nothing new and his memorandum merely rehashes his oral argument made on January 12, 2007.  Therefore, the Court's prior ruling is affirmed, for all of the reasons argued by the Creditors on January 12, 2007, and which are adopted and incorporated, in their entirety, by reference herein.

Accordingly, the Debtor's objection is OVERRULED, the Creditors' motion is GRANTED, and the escrow agent is ORDERED to pay $619,614.31 to the Creditors forthwith.  The Debtor's request for a stay pending appeal is DENIED.  Any other pleadings as lacking in merit as this one will be dealt with as sanctionable.

Enter judgment consistent with this Order.

Dated at Providence, Rhode Island, this   29th     day of January, 2007.

*Arthur N. Votolato*
Arthur N. Votolato
U.S. Bankruptcy Judge

Entered on docket: 1/29/2007

Judgment#:1:04-bk-10682-468-453

2