```
UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF RHODE ISLAND
- - - - - - - - - - - - - - - - - -x
In re:                              :

LOUIS A. GENCARELLI, SR.            :    BK No. 04-10682
         Debtor                               Chapter 11
- - - - - - - - - - - - - - - - - -x
```

## ORDER APPOINTING MEDIATOR

In accordance with Judge Torres's Remand Order dated November 8, 2006, this Court has held extensive, though unfinished, hearings on the motion of 1800 Smith Street Associates, LP and 1500 Mineral Spring Associates, LP (the "Creditors"), seeking dismissal of this Chapter 11 case. At a Chamber's conference on April 5, 2007, with the end of the trial finally in sight, new issues were raised by Movants' counsel which have the potential to extend and exacerbate the extent of the ongoing dispute and litigation. As a result of said conference, and out of concern for mounting fees to the parties (in light of the amounts in controversy), the Court took the unusual step of ordering the parties to participate in mediation.

To properly notice and reflect the Court's intent herein, it is ORDERED that:

(1) The parties shall engage in meaningful private mediation;

(2) Mark G. DeGiacomo, Esq., of the firm of Murtha Cullina Roche Carens & DeGiacomo, is appointed as mediator;

(3) DeGiacomo has agreed to bill for his time at the rate of $350.00 per hour. To the extent the mediator deems it efficient and productive, he may be assisted by other persons in his firm,

and his fees and costs will be subject to this Court's regular fee application and review process. The costs of the mediation shall be born equally by the parties;

(4) As an essential part of the mediation, and preferably at its outset, Mr. DeGiacomo is ordered to meet, at least once, privately but separately with both the Debtor and the principal of the Creditors, Ben Sisto;

(5) The balance of the mediation logistics is left to the discretion of DeGiacomo;

(6) The parties and their attorneys shall cooperate with all reasonable requests and inquiries made by the mediator.

(7) If Mr. DeGiacomo determines that either of the parties or their attorneys are not complying with the terms and/or the spirit of this Order, or are otherwise not acting in good faith, he is to immediately report such alleged violation(s) to the Court, which after hearing, will consider whether and/or what enforcement action is appropriate.

Dated at Providence, Rhode Island, this 12th day of April, 2007.

_____
Arthur N. Votolato
U.S. Bankruptcy Judge

Entered on docket: 4/12/2007

Judgment#:1:04-bk-10682-511